**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

MARIO DUARDO SOLER,

Petitioner,

v. Action No. 2:26cv654

JEFFREY CRAWFORD,
Farmville Detention Center, et al.,

Respondents.

**UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

This matter is before the Court on the 28 U.S.C. § 2241 petition filed by petitioner Mario Duardo Soler ("Soler"), a detainee of United States Immigration and Customs Enforcement ("ICE"), seeking release from immigration detention. ECF No. 1. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia. ECF No. 8.

For the reasons discussed below, it is hereby **RECOMMENDED** that the petition for a writ of habeas corpus, ECF No. 1, be **GRANTED** and Soler be released from detention.

## I. STATEMENT OF THE CASE

Soler is an 80-year-old native and citizen of Cuba. ECF No. 6-1, ¶ 5. Soler entered the United States in 1980 as a refugee. *Id.* ¶ 6. In 1994, he was convicted in the Superior Court of the District of Columbia of possession with intent to distribute cocaine and was sentenced to 15 to 45 months incarceration. *Id.* ¶ 7. In 2019, he was convicted in the Circuit Court of Montgomery

County, Maryland, of sexual abuse of a minor and rape in the second degree and was sentenced to 20 years incarceration with 10 years suspended. *Id.* ¶ 8.

In 2024, Soler was issued a Notice to Appear ("NTA") that charged him with being removable as a result of his convictions. *Id.* ¶ 10. Soler was placed into the Institutional Hearing Program, which allowed his removal proceedings to proceed while he was serving his state sentence. *Id.* On July 28, 2025, an immigration judge ordered Soler removed to Cuba and both parties waived appeal. *Id.* ¶ 14.

On December 12, 2025, Soler was released from state custody and transferred into civil immigration custody. *Id.* ¶ 15. On January 7, 2026, the enforcement and removal operations division of ICE ("ERO") received notice that Cuba would not accept Soler for repatriation. *Id.* ¶ 16. On January 19 and March 20, 2026, Soler was presented to Mexico for removal and Mexico denied him entry due to a medical condition. *Id.* ¶¶ 18–19.

On April 17, 2026, at Soler's 90-day post order custody review, ERO determined Soler would remain in custody pending ongoing removal efforts. *Id.* ¶ 22.

The Cuban government again declined Soler's repatriation on May 13, 2026. *Id.* ¶ 23.

On June 10, 2026, at Soler's 180-day post order custody review, ERO again determined Soler would remain in custody pending ongoing removal efforts. *Id.* ¶ 24.

On July 6, 2026, Justin Richardson with ERO, represented:

> Petitioner is under consideration by the Removal Management Division, part of ICE [headquarters], for removal pursuant to a third-country removal agreement as ICE has thus far been unable to remove [him] to either Cuba or Mexico. The Department of State continues to negotiate new third-country removal agreements and the Petitioner will be considered for removal as new agreements come available that the Petitioner meets the criteria for.

*Id.* ¶ 25.

Soler submitted a petition to this Court, pursuant to 28 U.S.C. § 2241 on June 26, 2026, while detained at the Farmville Detention Center in Farmville, Virginia. ECF No. 1. Soler seeks removal to Cuba or immediate release from ICE custody. *Id.* at 7. Federal respondents opposed the petition on July 6, 2026. ECF No. 6. Soler has not filed a reply and the time to reply has expired. *See* ECF No. 5, at 2.

## II. <u>LEGAL STANDARD</u>

Soler, who was found to be removable, is detained pursuant to 8 U.S.C. § 1231(a) of the Immigration and Nationality Act. ECF No. 6-1, ¶¶ 12–14. That statute provides that an individual shall be removed "within a period of 90 days" of the removal order becoming final—the "removal period," and will be detained during the removal period. 8 U.S.C. § 1231(a)(1)(A)–(B), (a)(2)(A). Detention after the removal period is governed by 8 U.S.C. § 1231(a)(6), which permits individuals who are inadmissible under section 1182 to "be detained beyond the removal period and, if released, . . . be subject to . . . supervision." *Id.* § 1231(a)(6).

Section 1231 authorizes detention beyond the removal order only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Supreme Court has held that a "reasonably necessary" period is presumptively six months. *Id.* at 701. After the six-month period, if Soler "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," respondents "must respond with evidence sufficient to rebut that showing." *Id.* Without such a showing, respondents must release Soler. *Id.* As the "period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

It is not disputed that Soler has been detained for more than the presumptively reasonable six-month period established in *Zadvydas*. ECF No. 6, at 5. Soler's removal period began over seven months ago on December 12, 2025, when he was transferred from state custody into civil immigration custody. ECF No. 6-1, ¶ 15. The ultimate issue is whether Soler's removal is likely to occur in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 689.

Soler asserts he is 80-years old with asthma and "prostate issues" and explains that this is why the Mexican government would not accept him. ECF No. 1, at 7. Soler asks to be removed to Cuba or to be released as he is "too old and way too sick to go to a third country where [he] will have no one to help [him]." *Id.*

Respondents argue Soler has not made a prima facie showing that removal is unlikely, and, even if he has, "[a] division of ICE headquarters is considering Petitioner "'for removal pursuant to a third-country removal agreement,' and the U.S. 'Department of State continues to negotiate new third-country removal agreements and the Petitioner will be considered for removal as new agreements come available that the Petitioner meets the criteria for.'" ECF No. 6, at 5.

Soler has shown that his removal is not reasonably foreseeable and respondents have not rebutted that showing. Cuba has declined to repatriate Soler, which is "strong evidence that his removal is unlikely to occur in the reasonably foreseeable future." *Faragalla v. Crawford*, No. 3:26cv63, 2026 WL 541132, at *5 (E.D. Va. Feb. 26, 2026). Respondents' assertion that Soler will be considered for removal to a third-country as new third-country removal agreements come available, suggests that Soler does not meet the criteria for any existing third-country removal agreements. Respondents have provided no timeframe for how long this process may take.

ICE has previously represented to the Court that there are multiple steps necessary to bring about a third country removal pursuant to an *existing* third country removal agreement and the timeline for the review process "varies." *Banoub v. Crawford*, 819 F. Supp. 3d 477, 482–84, 488–89 (E.D. Va. 2025). Here, respondents suggest that Soler may be removed to a third-country for which a removal agreement is not yet in existence. The suggestion of Soler's removal is completely speculative. *See Zavvar v. Scott*, No. 25-2104, 2025 WL 2592543, at *7–8 (D. Md. Sept. 8, 2025) (finding no significant likelihood of removal in the reasonably foreseeable future where petitioner could not be removed to his country of citizenship and respondent represented that "circumstances may change" and new third-country removal agreements may be reached). Soler has established that there is no significant likelihood that he will be removed in the reasonably foreseeable future. Accordingly, his continued detention violates due process. *See Zadvydas*, 533 U.S. at 692, 699–700.

## IV. RECOMMENDATION

For all these reasons, the Court **RECOMMENDS** that the petition, ECF No. 1, be **GRANTED** and Soler be released under reasonable conditions of supervision.

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d)

of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
July 31, 2026

**Clerk's Mailing Certificate**

A copy of the foregoing was provided electronically to counsel for respondents and was mailed this date to:

Mario Duardo Soler
A# 022-774-179
Farmville Detention Center
P.O. Nox N
Farmville, VA 23901

Laura Griffin, Clerk

By V.Pearson
Deputy Clerk

July 31, 2026